**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

Matthew Parish,

*et al.*,

*Plaintiffs*,

-against-

Peter S. Kosinski,

*et al.*,

*Defendants*.

Civ. No. 5:17-CV-0344(BKS/DEP)

**AFFIDAVIT OF TIMOTHY J. LAMBRECHT, ESQ.**
**IN SUPPORT OF PLAINTIFFS' APPLICATION**
**FOR ORDER TO SHOW CAUSE**

I, Timothy J. Lambrecht, Esq., pursuant to 28 U.S.C. § 1746, declare as follows under penalty of perjury:

1. I am a member of The Wladis Law Firm, P.C., which is co-counsel to Plaintiffs in the above captioned case. I am licensed to practice law in New York and admitted to practice law in the Northern District of New York.

2. Unless made upon information and belief, I have personal knowledge of the facts set forth herein. I am otherwise competent to testify regarding the same.

3. As alleged in the Complaint, Plaintiffs are members of the Independence Party of New York. They reside in New York State and are registered to vote in New York.

4. Plaintiffs wish to participate in upcoming elections to be held on June 20, 2017 in the Villages of North Syracuse and Liverpool, New York. They desire to circulate both

independent nominating petitions and party designating petitions in the Villages of North Syracuse and Liverpool prior to these elections.

5. Currently, New York election law prohibits Plaintiffs from doing so because they are not residents of either the Village of North Syracuse or the Village of Liverpool. Village residency is required under the law. *See* N.Y. Elec. Law §§ 6-204(1), 6-206(2), *id.* §§ 15-108(3) and 15-108(4).

6. Plaintiffs seek to enjoin the witness residency requirement contained in New York's village independent nominating petition statute (N.Y. Elec. Law §§ 6-206(2), 15-108(4)) and New York's village party designating statute (N.Y. Elec. Law §§ 6-204(1), 15-108(3)) because they believe these requirements are unconstitutional and in violation of their First Amendment rights.

7. To afford Plaintiffs meaningful relief, this Court must act with alacrity because election related deadlines are fast approaching.

8. For Party Designating petitions, the deadlines are as follows:

a. March 6, 2017 is the beginning of the period to circulate party designating petitions. *See* N.Y. Elec. Law § 15-108(9).

b. April 10, 2017 is the first day that individuals may begin filing party designating petitions. *See id.* § 15-108(7)(d). Party designating petitions may be filed until April 17, 2017. *See Id.*

9. For Independent Nominating Petitions, the deadlines are as follows:

a. April 4, 2017 is the beginning of the period where individuals may begin circulating independent nominating petitions. *See* N.Y. Elec. Law § 15-108(9) (Consol. 2017).

b. May 16, 2017 is the last day independent nominating petitions may be filed with the village clerk. *See id.* § 15-108(8)(a).

10. Plaintiffs, therefore, need an injunction so that they may fully exercise their First Amendment rights ahead of the June 20, 2017 election.

11. Absent preliminary relief, Plaintiffs will be unable to exercise their First Amendment rights prior to the June 20, 2017 village elections.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 28, 2017.

THE WLADIS LAW FIRM, P.C.

Timothy J. Lambrecht, Esq. (510390)
Co-counsel for Plaintiffs
PO Box 245
Syracuse, New York 13214
6312 Fly Rd.
East Syracuse, New York 13057
Telephone: (315) 445-1700